558 NEW JERSEY MISCELLANEOUS REPORTS.

Supreme Ct.—American Photo-Player Co. v. Harriet Amusement Co.

AMERICAN PHOTO-PLAYER COMPANY v. HARRIET
AMUSEMENT COMPANY.

Decided May 21, 1925.

**Contracts—Note Given in Payment of Work Done in Repair of an Organ of Defendant—Alleged by Defendant That Price was Conditional on Cost of Labor, and That Labor was Procured at a Lower Price Than That Made Basis of Contract for Which He Should Have the Benefit—Nothing to Indicate That This Representation was Knowingly False or Intended to Induce Defendant to Make Contract.**

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Joseph B. Bloom.*

For the respondent, *Morris Isserman.*

PER CURIAM.

This was an action brought upon a promissory note given by the defendant to the plaintiff in payment for work done by the latter, pursuant to a written contract, in repairing an organ belonging to the defendant. The trial resulted in a verdict in favor of the plaintiff for the full amount of the note, and from the judgment entered thereon the defendant has appealed.

The first ground upon which a reversal is asked is that the trial court erroneously excluded evidence tending to show the price paid by the plaintiff to those of its employes who were engaged in the work of repairing the organ of the defendant.

The defendant's claim was that the plaintiff corporation represented to it that the price fixed in the agreement was based largely upon the wages which plaintiff would be required to pay to its men employed on the job, viz., $3 per

hour for two men and $1 per hour for each additional man; and the purpose of the offered testimony was to show that the wages actually paid by plaintiff were considerably less than these amounts, and, so, to change the price fixed by the contract to another and smaller sum. There is nothing in the defendant's answer, nor in the evidence submitted at the trial, suggesting that this representation was knowingly false and made by the plaintiff for the purpose of inducing the defendant to enter into the contract; much less is there anything, either in the answer or proofs, to indicate that by reason of the representation the defendant was induced to enter into a contract which it otherwise would not have made. That parol evidence is inadmissible for the purpose of varying or contradicting the terms of a written contract is elementary law. It will only be received for the purpose of showing that the party against whom the contract is sought to be enforced was induced to enter into it by reason of a false statement as to a material fact, and, when admitted for such a purpose, its effect is not to vary the terms of the contract, but to overthrow it *in toto*. *Sheldon Co.* v. *Harleigh Cemetery Assn.*, 73 *N. J. L.* 115. For the reason indicated, the excluded testimony was not competent for the purpose for which it was offered.

The next ground of reversal is thus stated by counsel for the appellant: "The construction by the court of the contract sued upon was such as to exclude testimony as to the amount paid to workmen employed upon the overhauling of the organ." An examination of the case discloses no formal construction put upon the contract for the repair of the organ by the trial court. Apparently, this ground of reversal is directed at the statement made by the court as its ground for excluding the testimony which was the subject of discussion under the first point. The statement was as follows: "In the absence of a plea of fraud, I should say the defendant is bound by the terms of the contract as to the rate fixed and accepted." Assuming that this is the point relied upon in support of the second ground of reversal, what we have already said is dispositive of it.

The only other ground of reversal attacks the instruction of the court to the jury upon the measure of damages. This ground may be disposed of by saying that no objection was made to the charge to the jury in this or any other respect, and, this being the case, the correctness of the instruction cannot be attacked in an appellate tribunal. The judgment under review will be affirmed.